(41 Misc. Rep. 548.)

PEOPLE ex rel. BUFFALO RY. CO. v. PRIEST et al., Tax Com'rs.*

PEOPLE ex rel. CROSS-TOWN ST. RY. CO. OF BUFFALO v. SAME.*

(Supreme Court, Special Term, Albany County.)

Heretofore the above-named defendants, the State Board of Tax Commissioners, fixed the value of the Buffalo Railway Company's special franchises in the city of Buffalo at the sum of $3,780,290, and of the Cross-Town Street Railway Company's franchises at the sum of $1,824,675. The above-named relators thereafter brought proceedings by certiorari against the defendants, alleging, amongst other things, that such assessments were unequal, and such proceedings were thereafter had that at a Special Term of the Supreme Court held in the city of Albany on the 29th day of June, 1901 (D. Cady Herrick, Presiding Justice), orders were made and judgments rendered, by consent of the Attorney General, reducing such assessments in the case of the Broadway Railroad Company from $3,780,290 to $2,364,803, and in the case of the Cross-Town Street Railway Company from $1,824,675 to $1,277,272.50 (being a reduction of 30 per cent. of each of such assessments), upon the ground that, whereas such special franchises were assessed at their full and true value, real estate and other property in the city of Buffalo was only assessed at 70 per cent. of its true value. That thereafter, and at a Special Term held at the city hall in the city of Albany on the 21st day of September, 1901 (being the first Special Term after the granting of such orders and judgments), held by D. Cady Herrick, Justice, a motion was made on behalf of the city of Buffalo to vacate and set aside the orders and judgments reducing the assessments of the above-named relators, and permitting the city of Buffalo to come in and intervene as a party to such proceedings, or for such other order or relief as to the court might seem proper. The grounds or reasons for asking such relief are, amongst others, that, in the one case the loss of revenue to the city by such reduction was more than $19,000, and in the other more than $10,000; and it is alleged and insisted that the assessors of the city of Buffalo assess the real estate and other property at its full value, and not at 70 per cent. thereof, and that the defendants, the State Board of Tax Commissioners, have not assessed the special franchises of the relators at their full and true value; that the city of Buffalo has not had an opportunity to be heard, and is aggrieved and prejudiced by such orders and judgments. Similar orders and judgments were obtained by the relators in the year 1900.

HERRICK, J. It is unnecessary at this time to discuss the various questions argued before me upon this application, and I shall simply set forth the reasons which have moved me to the determination at which I have arrived, without any elaboration or extended discussion of them.

I do not think the orders and judgments obtained by the relators in the year 1900 constitute a bar to the city of Buffalo in these proceedings, as it was in no wise a party to those orders or judgments, or the proceedings that led to them.

---

* Referred to in opinion of Herrick, J., in People ex rel. Rochester R. Co. v. Priest, 85 N. Y. Supp. 235.

Neither do I think the delay of the city of Buffalo to move in these proceedings is, under the circumstances, sufficient to constitute laches. The orders and judgments were obtained the latter part of June; the summer vacation followed; and it moved at the next Special Term, held by the justice from whom such orders and judgments were obtained; and its answer to the charge of laches, that it desired to come before the same justice who granted the orders, and by whom the judgments were rendered, is, under the circumstances, I think, sufficient.

The city of Buffalo is a party interested in the event of these proceedings, and is in fact the only party, except the relators, who is interested. By the action of the court, its revenue has been largely decreased, and to that extent an additional burden has been imposed upon its taxpayers.

In one sense, the action of the assessors of the city of Buffalo is reviewed by the proceedings had without the writ of certiorari being directed to them, without their making any return, and without their being heard.

The statute requires the assessors to assess property at its full value, and the same requirement is made in regard to the defendants, the State Board of Tax Commissioners. The writs of certiorari in these cases were directed to the State Board of Tax Commissioners, and practically their proceedings were not reviewed, because it was assumed and taken for granted that they had done their duty and assessed the property of the relators at its full and true value; and it was, in effect, charged by the relators and adjudged by the court that the assessors of the city of Buffalo had not done their duty, but had assessed property in the city of Buffalo at the rate of 70 per cent., instead of at its full and true value. The writs of certiorari brought up for review only the proceedings and action of the State Board of Tax Commissioners, not the proceedings or action of the assessors of the city of Buffalo; but it was the latter, and not the former, that were in fact investigated in these proceedings.

I have serious doubts as to the power of the court to have thus, in effect, reviewed the action of the local assessors, without making them or the city of Buffalo parties to the proceedings; and in so saying I do not forget that the statute (Tax Law, § 45; Laws 1900, p. 512, c. 254), provides that an adjudication made in a proceeding instituted by writ of certiorari against the board of tax commissioners shall be binding upon the local assessors, the same as though such local assessors had been parties to the proceeding. A full discussion of that portion of the statute would lead to a consideration of questions vital to the franchise tax law, and which have not been argued before me, and which, not being absolutely necessary to be passed upon in this motion, I refrain from discussing. But whether or not the court had power in these proceedings to review the action of the local assessors, I do not think it should have exercised it, where it so seriously affects the revenue of the municipality, when it is within its power to give such municipality an opportunity to be heard.

As I have stated, practically the proceedings of the State Board of Tax Commissioners were not reviewed. It was not claimed that they had violated the law by assessing the relator's property at other than its full value, and the court did not direct such board to violate the law and assess such property at 70 per cent. of its true value. That it had no power to do. The court may correct the roll to bring about equality of assessment and taxation, but it cannot compel the state board, in violation of the statute and of their oaths, to make a new assessment at less than the full value of the property assessed. The statute provides that if the assessment is illegal it may be stricken from the rolls, "or if erroneous or unequal, it may order a reassessment of the property of the petitioner, or the correction of his assessment upon the roll, in whole or in part, in such manner as shall be in accordance with law, or as shall make it conform to the valuations and assessments of other property upon the same roll and secure equality of assessment." Tax Law, § 253 (Laws 1896, p. 883, c. 908).

In this case it was not an illegal assessment; neither was it contended, or held by the court, that it was an erroneous assessment, because it was assumed that the state board had assessed the franchises of the relators at their true value; but it was contended by the relators and found by the court

that it was unequal because the local assessors had assessed other property in the city of Buffalo at 70 per cent. of its value, and therefore the court, by virtue of the provisions of the statute cited, did not review the action of the state board and hold it erroneous, and order a correction thereof "in such manner as shall be in accordance with law," but corrected the "assessment upon the roll," and made it "conform to valuation and assessment of other property upon the same roll, and [secured] equality of assessment." Thus the action of the officers to whom the writ was directed was not reviewed, but the action of those officers to whom it was not directed, and who were not parties to the proceedings, was in effect reviewed.

The city of Buffalo not only asserts that its assessors have performed their duty, and assessed the real estate and other property in said city at its full value, but it challenges the assessment of the relators' special franchises, and alleges that they were not assessed at their full value.

In order to determine whether there has been an unequal assessment, it is just as necessary to determine whether the property of the relators has been assessed at its true and full value by the State Board of Tax Commissioners, as it is to determine whether other property situated in the city of Buffalo has been assessed at its true and full value, because, if we assume that the assessors of the city of Buffalo have, in violation of their official duty, assessed the real estate there at only 70 per cent. of its value, yet if, upon investigation, it should be ascertained that the State Board of Tax Commissioners have only assessed the special franchises of the relators at 70 per cent. of their value, then there would be no inequality of assessment, and the relators would not be entitled to any reduction. It seems to me that the city of Buffalo has a right to have such investigation and inquiry made, before it is deprived of any considerable proportion of its revenues, by a reduction in the valuation of the relators' franchises.

Tax Law, § 45, being section 2, p. 512, c. 254, Laws 1900, in providing for a writ of certiorari to review an assessment of special franchises, provides that "such writ must run to and be answered by said State Board of Tax Commissioners and no writ of certiorari to renew any assessment of a special franchise shall run to any other board or officer unless otherwise directed by the court or judge granting the writ." Under that provision the court could have made the city of Buffalo and its board of assessors parties to the proceedings, and, having control over its own judgments and proceedings, I think it can do so now, and that justice to the city of Buffalo requires that it should be brought in, and its board of assessors should be brought in, as parties to these proceedings.

Let orders, therefore, be entered vacating the orders and judgments heretofore granted in these proceedings, and directing that the city of Buffalo and its board of assessors be made parties thereto.